IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2010 MAY 11  AM 10: 55

| | |
|---|---|
| **LAWRENCE P. GILLEN,** | : |
| Plaintiff, | : |
| | : C.A. No. 10-393 |
| v. | : |
| | : |
| **BONITRON INC.,** a | : |
| Tennessee Corporation, | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, Lawrence P. Gillen, (Gillen) sue Defendant Bonitron, Inc., a Tennessee Corporation (Bonitron).

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter hereof pursuant to 28 U.S.C. § 1332, due to diversity of citizenship between the parties, and an amount in controversy exceeding Seventy-Five Thousand Dollars ($75,000.00) in value, exclusive of interest, cost or attorney's fees. The Court also has jurisdiction pursuant to Sherman Anti-Trust Act 15 U.S.C.A. § 1 et seq. and the Clayton Act 15 U.S.C.A. § 41 et seq. and the Robinson-Patman Act 15 U.S.C.A. § S 13, 21. The Court has jurisdiction over Plaintiff's claims for declaratory relief pursuant to 28 U.S.C. § 2201 and 2202. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because substantial conduct giving rise to the claims asserted and damages as a result thereof, occurred within this District.

## PARTIES

3. Plaintiff, Lawrence P. Gillen is an individual residing in the State of Delaware and in the business of distribution of energy conversation equipment products.

4. Bonitron, Inc., is a Tennessee Corporation whose principle office is located at 521 Fairground Court, Nashville, TN 37211.

## COMPLAINT

5. Lawrence P. Gillen is in the business of distribution of products which purport to improve energy efficiency and savings for use in residential and commercial buildings.

6. Bonitron, Inc., is a manufacturer and seller of products which purport to improve energy efficiency and savings for use in residential and commercial buildings.

7. Plaintiff had been purchasing products from Defendant Bonitron, Inc. involving Power Factor Correction Capacitors in Delaware since 2007.

8. Bonitron, Inc. sells the product under the trade name of Powerworx as well as the same product under the Bonitron, Inc. name and Model PFC. Power Factor Correction Capacitors to the Plaintiff and other individuals within the continental United States.

9. For the products under the Bonitron, Inc. name, there have been separate UL numbers which has been sold to Plaintiff.

10. Plaintiff has attempted to order products from Defendant Bonitron, Inc. under their name but Bonitron, Inc. has refused to sell products under their name and label since Plaintiff is no longer associated with the Powerworx label even they sell to

other individuals within the continental United States that are not associated with Powerworx.

11. Defendant Bonitron, Inc. markets the product under their own label and markets their product within the continental United States and is not associated with the Powerworx label which Bonitron, Inc. manufactures the same product under the Powerworx label.

12. Defendant Bonitron, Inc. refused to sell products to Plaintiff is a per se restraint of trade and per se violation of the Sherman Antitrust Act and restrain competition and is unreasonable.

13. Defendant Bonitron, Inc. has been notified that their refusal to sell products to Plaintiff is a violation of the Federal law but they continue to refuse to sell products to the Plaintiff even though they sell their products to other individuals within the continental United States.

14. Due to Defendant Bonitron, Inc., the Plaintiff has lost contracts due to the fact that he could not purchase products and Defendant Bonitron, Inc. is liable to Plaintiff's damages. Such conduct is clearly a per se violation of the Sherman Antitrust Act since it is an unreasonable restraint of commerce.

15. There exists a real and justifiable controversies between Plaintiffs and Bonitron, Inc. within the meaning of 28 U.S.C. § 2201 and 2202.

16. Among the controversies between the parties is the existence, scope and enforceability of the unreasonable restraint on commerce and competition in not selling products to Plaintiff.

17.     Plaintiff has been damaged and continues to be damaged in loss profit due to Defendant Bonitron, Inc's. refusal to sell products to Plaintiff in violation of Federal law and unreasonable restraint on commerce and competition.

**WHEREFORE,** Plaintiff demands judgment against the Defendant Bonitron, Inc., including compensatory and punitive damages, cost, interests and attorney's fees and any other and further relief as the Court deems just and proper.

*/s/ Lawrence P. Gillen*

**LAWRENCE P. GILLEN**
4475 Summit Bridge Road
Middletown, DE  19709